FILED

14 MAR 17  AM 9: 15

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| K. ALAN RUSSELL and PATRICIA RUSSELL,<br><br>                                    Plaintiffs,<br><br>    vs.<br><br>GRANDE BAHIA DE LOS SUENOS, S. de R.L. de C.V., a Mexican limited liability company; STEVE GAMES, an individual; NYDA JONES-CHURCH, an individual; PCS DEVELOPMENT; PAUL JENNINGS, an individual; JOSEPH WOODARD, an individual; WILLIAM B. ADAMS, an individual; MANANA ESTRELLA, LLC; EL MONTE PARTNERS, LLC; EL CAPITAN PARTNERS; SCOTT CONLEY, an individual; DOES 1 through 10, inclusive,<br><br>                                    Defendants. | CASE NO. 13-CV-2081-BEN (DHB)<br><br>**ORDER DISMISSING CASE ON FORUM NON CONVENIENS GROUNDS**<br><br>[Docket Nos. 33, 35, 36] |

Before this Court are three Motions to Dismiss filed by the Defendants in this matter. Plaintiffs K. Alan Russell and Patricia Russell filed the First Amended Complaint (FAC) on October 28, 2013. (Docket No. 19). Defendants Paul Jennings and PCS Development filed a Motion to Dismiss for Improper Venue and Failure to State a Claim on January 6, 2014. (Docket No. 33). Defendants Scott Conley, Steve

1   Games, and Nyda Jones-Church filed a Motion to Dismiss for Failure to State a Claim
2   on January 23, 2014. (Docket No. 35). Defendant Grande Bahia de Los Suenos, S. de
3   R.L. de C.V. filed a Motion to Dismiss for Lack of Jurisdiction, Improper Venue, and
4   Failure to State a Claim on January 27, 2014. (Docket No. 36).

5       After Plaintiffs argued in opposition to the Motions that a request to dismiss an
6   action pursuant to a forum selection clause had to be brought as a forum non
7   conveniens motion, Defendants asked this Court to dismiss the action on forum non
8   conveniens grounds.  On February 26, 2014, this Court issued an order granting
9   Plaintiffs leave to file a surreply on the question of whether the entire action as to all
10  defendants should be dismissed on forum non conveniens grounds. (Docket No. 49).

11      For the reasons stated below, the Court **GRANTS** the requests to dismiss the
12  action on forum non conveniens grounds.   Defendants' Motions are otherwise
13  **DENIED AS MOOT**.

14  **I. Background**

15      On June 8, 2008, Plaintiffs, who are Texas residents, signed a letter of intent to
16  purchase a lot to build a vacation home in Mexico.  Plaintiffs agreed to purchase a lot
17  in the "Bahia Development" for a net purchase price of $651,900.  As alleged in the
18  Complaint, the Bahia Development is owned by Grande Bahia, a Mexican limited
19  liability corporation originally formed by Defendants Games and Jones-Church around
20  2006.  Defendant Jennings was allegedly added as an investor and principal in 2008.
21  Defendant Conley was the sales agent.

22      Plaintiffs allege that, as a condition of the purchase, they were entitled to the
23  benefits and amenities listed in the letter of intent, including a golf course membership,
24  a beach club membership, and complimentary stays at the Gran Sueno hotel.  The letter
25  of intent stated that the amenities were worth $185,500.  Plaintiffs were also given
26  brochures that stated that the Bahia Development owned an airport and included a golf
27  course.

28      Plaintiffs were sent a contract in July 2008, and it was signed by Plaintiff K.

1   Alan Russell and Defendant Paul Jennings for Grande Bahia. (FAC, Ex. B). The
2   contract contained a forum selection clause that provided:

3   > Exclusive Jurisdiction in Mexico. Buyer acknowledges and accepts that
4   > this Agreement is exclusively governed by the laws of Mexico and
    > expressly subject to the exclusive jurisdiction and competence of the
    > judges and courts of La Paz, Baja California Sur, Mexico. Likewise,
5   > Buyer herein expressly waives any other jurisdiction, law or court that
6   > could be applicable by virtue of its current or future domicile or
    > nationality, of the place of execution of the Agreement or for any other
    > reason.
7
    (*Id.* at ¶ 10(b)).
8
9       Although the purchase was initially scheduled to close on October 1, 2008,
10  Grande Bahia failed to close on the lot on several scheduled closing dates due to title
11  issues. On January 6, 2009, the Russells informed Conley that the Contract would be
12  cancelled.   On January 13, 2006, Grande Bahia and Conley made additional
13  representations that the golf course was up to standards and being developed, that a
14  beach club would be built, and that the airport would be available.   In a 2009
15  addendum to the Contract, the Contract price was re-negotiated to a sum of $521,050.
16  (FAC, Ex. D). The addendum also included a complimentary membership to the golf
17  course and club. The addendum stated that the "rest and remainder of the Agreement
18  shall remain in full force and effect, except as amended by this Addendum." (*Id.*) The
19  one-page addendum made no changes to the forum-selection clause. (*Id.*) Although
20  the parties once again failed to close on schedule, the purchase ultimately closed in
    June 2009.
21
22      Plaintiffs learned on September 10, 2009, that PCS Development was becoming
23  an owner of Grande Bahia and the Bahia Development. The Gran Sueno hotel would
24  remain independently owned and operated. In January 2011, Plaintiffs were informed
25  by Joseph Woodard and William B. Adams that an agreement had been reached to
26  purchase most of the assets from Grande Bahia, and although some details remained,
27  Woodard and Adams "assumed ownership responsibility." (*Id.* ¶ 32). In January 2013,
28  Plaintiffs learned that Woodard and Adams failed to fund the acquisition of Grande
    Bahia.

13cv2081

1    Plaintiffs allege that they have not received the benefits and amenities for which
2    they contracted.   Grande Bahia did not own the airport and failed to secure the
3    necessary permit to operate the airport. The airport was closed approximately 60 days
4    after Plaintiffs purchased their lot, and did not reopen.  The watering system for the
5    golf course has been turned off, rendering the course non-functional.  The beach club
6    was never constructed. Plaintiffs were informed by the hotel that they could no longer
7    use the complimentary hotel stay, as the development and hotel had become separate
8    entities and the promise had been made to Plaintiffs by the Bahia Development.

9    On September 5, 2013, Plaintiffs filed a Complaint in the Southern District of
10   California.  The First Amended Complaint, filed on October 28, 2013, alleges breach
11   of contract, violations of the California Consumer Legal Remedies Act, fraud
12   (concealment), and fraud (inducement).

13   **II.  Legal Standard**

14   Where a defendant seeks to enforce a forum selection clause that requires that
15   any action be brought in a foreign forum, the clause may be enforced through the
16   doctrine of forum non conveniens. *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court for*
17   *W. Dist. of Tex.*, 134 S. Ct. 568, 580 (2013).  A forum selection clause does not render
18   venue in a court "wrong" or "improper" within the meaning of Federal Rule of Civil
19   Procedure 12(b)(3). *Id.*

20   The existence of a forum selection clause has a profound effect on the forum non
21   conveniens analysis.  The United States Supreme Court in *Atlantic Marine* addressed
22   the effect in the context of a § 1404(a) motion to another federal district court, but
23   made clear that the same analysis would apply in a forum non conveniens analysis. *Id.*
24   The Court explicitly held that "because both § 1404(a) and the forum non conveniens
25   doctrine from which it derives entail the same balancing-of-interests standard, courts
26   should evaluate a forum-selection clause pointing to a nonfederal forum in the same
27   way that they evaluate a forum-selection clause pointing to a federal forum." *Id.*

28   In *Atlantic Marine*, the Supreme Court stated that

13cv2081

> When parties have contracted in advance to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties' settled expectations. A forum-selection clause, after all, may have figured centrally in the parties' negotiations and may have affected how they set monetary and other contractual terms; it may, in fact, have been a critical factor in their agreement to do business together in the first place. In all but the most unusual cases, therefore, "the interest of justice" is served by holding parties to their bargain.

*Id.* at 583.

In a typical forum non conveniens motion, a district court must evaluate the convenience of the parties and various public interest considerations. *Id.* at 581. "The calculus changes, however, when the parties' contract contains a valid forum-selection clause, which represents the parties' agreement as to the most proper forum." *Id.* (internal quotation marks and citation omitted).

First, the plaintiff's choice of forum merits no weight. As the party defying the forum selection clause, the plaintiff bears the burden of establishing that the case should not be heard in the forum for which the parties bargained. *See id.* at 581-82. Where the plaintiff has agreed to bring suit in a specific forum, presumably in exchange for other promises from the defendant, the plaintiff has already exercised their privilege to select venue. *Id.* at 582.

Additionally, the court should not consider arguments about the parties' private interests. *Id.* In agreeing to the clause, the parties waived their right to challenge the preselected forum as inconvenient or less convenient for themselves, or their witnesses, or for their pursuit of the litigation. *Id.* A court "accordingly must deem the private-interest factors to weigh entirely in favor of the pre-selected forum." *Id.* The inconvenience of litigating the forum would have been foreseeable at the time of contracting. *See id.*

A court is therefore to consider only the public-interest factors. *Id.* These factors "rarely" defeat a transfer motion, and "the practical result is that forum-selection clauses should control except in unusual cases." *Id.*

**III. Discussion**

1         A.  It is Appropriate for this Court to Conduct a Forum Non Conveniens

2  Analysis Before Addressing Other Issues

3         A district court may dispose of an action by a forum non conveniens dismissal

4  before consideration of personal jurisdiction, when considerations of convenience,

5  fairness, and judicial economy so warrant.  *Sinochem Intern. Co. Ltd. v. Malaysia*

6  *Intern. Shipping Corp.*, 549 U.S. 422, 432 (2007).  This Court therefore need not

7  address Grande Bahia's arguments regarding personal jurisdiction, or the other

8  proposed grounds for dismissing this action, before addressing whether the case should

9  be dismissed due to the forum selection clause.

10         B.  The Plaintiffs' Choice to File in This District Has No Weight

11         As discussed above, Plaintiffs' choice to file in this district is not entitled to

12  weight.  *See Atl. Marine*, 134 S. Ct. at 581-82.  Instead, it is the initial choice to

13  contract for a particular forum, Mexico, that deserves deference.  *See id.* at 582.

14         C.  The Private Factors Favor Dismissal

15         Although Plaintiffs raise a number of arguments regarding inconvenience to

16  parties and witnesses as a result of litigating in Mexico, this Court must deem the

17  private interest factors to weigh entirely in favor of the pre-selected forum.  *See id.* at

18  582.

19         D.  Public Interest Factors

20         A court may, however, consider appropriate public interest factors.  *See id.*

21  Relevant public interest factors in a forum non conveniens analysis include: local

22  interest of lawsuit, the court's familiarity with governing law, the burden on local

23  courts and juries, congestion in the court, and the costs of resolving a dispute unrelated

24  to the forum.  *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1147 (9th Cir. 2001) (citing

25  *Piper Aircraft Co. Reyno*, 454 U.S. 235, 259-61 (1981); *Gulf Oil Corp. v. Gilbert*, 330

26  U.S. 501, 508-09 (1947)).  Plaintiffs argue that the public interest factors weigh heavily

27  in favor of this case staying in this judicial district, or at the very least in the United

28  States.  (Docket No. 44, at 10).

1            i. Local Interest in the Litigation

2          Plaintiffs argue that California has a substantial interest in this matter.  In
3    weighing this factor, the Court considers only whether California has a meaningful
4    interest in the litigation, and not whether another forum has an interest.  *See Boston*
5    *Telecomms. Grp., Inc. v. Wood*, 588 F.3d 1201, 1212 (9th Cir. 2009).  Plaintiffs argue
6    that California has an interest in stopping unlawful activity from taking place within
7    its borders. (Surreply at 3).  They argue that although Grande Bahia is a Mexican
8    limited liability company, the founders, principals, and sales agent are residents of
9    California and conduct business in this state.  (*Id.*)  They argue that it is likely that
10   some of the conduct in contracting and making misrepresentations took place in
11   California, or outside of Mexico.  (*Id.*)  They contend that California thus has an
12   identifiable local interest in this lawsuit.  *See Boston Telecomms. Grp.*, 588 F.3d at
13   1211-12 (California had interest where course of conduct took place in multiple
14   locations, including California).  They further argue that the only connection between
15   the litigation and Mexico is an unused property that Plaintiffs have no reason to visit,
16   and suggest that Grande Bahia was formed in Mexico as a "transparent attempt to avoid
17   the jurisdiction of U.S. courts."  (*Id.* at 3-4).

18         California does have an interest in this matter.  Defendants are accused of
19   unlawful activities which likely took place, in part, in California.  However, the Court
20   notes that California does not have a special interest in the particular plaintiffs in this
21   case, who are admittedly not California residents.

22            ii. Court Congestion

23         Plaintiffs also argue that litigation in Mexico "would effectively deny the
24   Russells their day in court for at least a year, if not several years."  (*Id.* at 4).  They
25   have filed a declaration concerning the difficulties in litigating their case in Mexico.
26   (*See* Davalos Decl., Docket No. 44-1).  They contend that the delay "weighs strongly
27   against transfer." (Surreply at 5).  The Court notes that although litigation in this
28   District may also take years, especially where the case does not settle, it does appear

1  that litigating in Mexico may take longer than similar litigation in the United States.

2  This factor weighs against dismissal.

3              iii. Familiarity with the Law

4          Plaintiffs do not argue that familiarity with the law weighs against transfer or

5  dismissal.  Instead, they argue that it weighs only slightly in favor of transfer or is

6  neutral.  (*Id.*)  They concede that a Mexican court will be more "at home" with

7  Mexican law. (*Id.*) However, they also point out that this Court could apply Mexican

8  law.  This Court notes that it is unclear from the briefing how difficult it would be for

9  this Court to learn and apply the relevant Mexican law or if the Court would need to

10 utilize outside experts.

11         Plaintiffs also argue that the conflict-of-laws analysis suggests that "there is an

12 argument that California law would govern, and thus, this Court would be more 'at

13 home' with the law that governs." (*Id.*)  This issue has not been fully briefed before

14 this Court.  However, the Court does note that Plaintiffs likely understate the interest

15 of Mexico in this case.  The case involves allegedly unlawful activity with regard to a

16 real estate development in Mexico and the actions of a Mexican company.  Plaintiffs

17 also claim that application of Mexican law would be contrary to California's public

18 policy because Plaintiffs could not seek punitive damages and would not have a right

19 to a jury trial. (*Id.* at 6).  This Court does not find it necessary to determine which law

20 would apply, as this Court finds that dismissal would be appropriate even if California

21 law would apply if the case remained in this District.

22         E.  The Forum Non Conveniens Factors Support Dismissal of This Case

23         Plaintiffs have not met their heavy burden to show that this is the unusual case

24 where public interest factors defeat a transfer motion.  It does appear that public

25 interest factors weigh in favor of retaining jurisdiction, given that California has some

26 interest in the case, litigating in Mexico could be lengthy, and there is an argument that

27 California law could apply.  However, none of these factors weighs heavily in favor of

28 retaining jurisdiction.  By contrast, the private interest factors weigh heavily in favor

1 of dismissal. The Court notes that the Supreme Court has stated that the public interest
2 factors will "rarely" defeat a forum selection clause. *Atl. Marine*, 134 S. Ct. at 582.
3 This case presents no rare or unusual circumstances. Indeed, many cases involve some
4 interest on the part of the forum where the suit was filed, congestion in the other court
5 system, and an argument that the forum where the suit was filed has an interest in
6 applying its own law. It is apparent that these factors are not enough to outweigh the
7 strong interest in enforcing a forum selection clause to which all parties agreed, and
8 which may have been important in reaching agreement. *See* 134 S. Ct. at 583.

9      F.  Enforcement of the Forum Selection Clause is Not Unreasonable or Unjust
10          Under *Bremen*

11         Plaintiffs argue that even if the public interest factors do not adequately support
12 keeping the case under forum non conveniens, this Court should not enforce the forum
13 selection clause because enforcement would be "unreasonable or unjust." (*Id.*) Some
14 of the Defendants have suggested that this argument is an attempt to introduce the
15 private-interest factors which *Atlantic Marine* held this Court could not consider.
16 Although it is apparent to this Court that many of the arguments raised would normally
17 be part of the private-interest analysis, this Court finds it appropriate for a court to
18 consider *Bremen* arguments raised as a separate analysis. The forum non conveniens
19 analysis is predicated on the basic assumption that the clause is valid. *Atl. Marine*, 134
20 S. Ct. at 581. This Court must therefore consider arguments that the clause is invalid.
21 However, it is appropriate for a court to be mindful that such arguments must be
22 considered under the separate, proper framework.

23         In *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972), the U.S.
24 Supreme Court held that a forum selection clause should have been enforced unless it
25 was clearly shown that enforcement would be "unreasonable and unjust" or that the
26 clause was invalid for reasons such as fraud or overreaching.

27         The Court notes that Plaintiffs do not allege that the clause should be invalidated
28 because of any fraud or duress. The contract in question was not a contract of

1  adhesion, and Plaintiffs renegotiated the contract to their apparent benefit after early

2  difficulties completing the transaction.

3                   i. Plaintiffs Have Not Shown They Will Be Effectively Deprived of Their

4                   Day in Court

5         A clause may be held unenforceable where a party meets the "heavy burden" of

6  showing that litigating in the contractual forum would be "so gravely difficult and

7  inconvenient that he will for all practical purposes be deprived of his day in court." *Id.*

8  at 18-19. Plaintiffs argue that they will be deprived of their day in court if they are

9  forced to adjudicate in Mexico. They emphasize the length delays, differences in how

10  evidence in presented, and difficulties in compelling witnesses. (Surreply at 7; Docket

11  No. 44, at 14). They also argue that Mexico has a corrupt judiciary, which renders it

12  only "nominally independent." (Surreply at 7-8; Docket No. 44, at 13). They argue

13  that they will be deprived of their right to a jury, and that this protection is critical

14  where the judiciary is potentially corrupt. (Docket No. 45, at 15). They assert that

15  judgments are hard to enforce because the judgment can be separately contested, and

16  there are difficulties in enforcing a Mexican court judgment in the United States.

17  (Surreply at 8). This Court has carefully considered the declaration of Carlos Felipe

18  Davalos, an attorney and law professor in Mexico, who describes the difficulties which

19  Plaintiffs would face in litigating in Mexican courts. (Davalos Decl.) He concludes

20  that they will likely be unable to obtain a meaningful award, if any. (*Id.* ¶ 16).

21         However, courts have often enforced forum selection clauses even where

22  litigation would be difficult and inconvenient. The factors argued by Plaintiffs are

23  often considered by courts in determining whether a proposed forum selection clause

24  is unenforceable because the proposed alternative is inadequate. An alternative forum

25  ordinarily exists where the defendant is amenable to service of process in the foreign

26  forum. *Piper Aircraft*, 454 U.S. at 254 n.22; *Lueck*, 236 F.3d at 1143. Plaintiffs do not

27  contend that defendants are not amenable to service in Mexico. A forum is not

28  inadequate merely because the law, or the remedy afforded, is less favorable in the

foreign forum. *See Piper Aircraft*, 454 U.S. at 247. The requirement is not met only in the "rare circumstances" where the remedy provided by the alternative forum is "so clearly inadequate or unsatisfactory, that it is no remedy at all." *Lueck*, 236 F.3d at 1144 (quoting *Lockman Found. v. Evangelical Alliance Mission*, 930 F.2d 764, 768 (9th Cir. 1991)). Although justice in Mexico may not be as favorable to Plaintiffs as litigating in the United States, this is an insufficient ground to defeat the forum selection clause. Plaintiffs have demonstrated that it will be more difficult and time-consuming to litigate in Mexico, and that it may be challenging to enforce a judgment, but they have not shown that they will be effectively deprived of a forum.

This Court will not hold the forum selection clause unenforceable because Plaintiffs will be required to use the Mexican justice system. The Ninth Circuit has recently upheld forum selection clauses requiring cases to be litigated in Mexico. *Moreno v. Omnilife USA*, 483 Fed. App'x 340 (9th Cir. 2012) (district court did not abuse discretion in finding Mexico an adequate alternative forum); *Loya v. Starwood Hotels & Resorts Worldwide, Inc.*, 583 F.3d 656, 666-67 (9th Cir. 2009) (district court reasonably found Mexico an acceptable alternative forum where Mexico provided a remedy for the causes of action, despite a considerable difference in potential recovery and the costs of pursuing the action). Plaintiffs do not cite to any case in which Mexico was found to be an unacceptable forum on the basis of corruption in Mexican courts. Plaintiffs also do not present any reason for this Court to conclude that there are any special concerns regarding their case.

         ii.  Plaintiffs Have Not Shown that Enforcement Is Contrary to Public Policy

Enforcement is unreasonable where it would contravene a strong public policy of the forum in which a suit was brought, whether by statute or by judicial decision. *Bremen*, 407 U.S. at 15. Plaintiffs argue it is contrary to public policy to deprive Plaintiffs of their constitutional right to a trial by jury and "it is possible" that Grande Bahia might not be held liable for the acts of its agents.

13cv2081

1     As discussed above, courts have previously enforced forum selection clauses
2  requiring litigation in Mexico and other countries where there is no right to trial by
3  jury, or that right is less robust than in the United States. The Court also notes that
4  Plaintiffs agreed to the clause despite the lack of a right to trial by jury. *C.f. Atl.*
5  *Marine*, 134 S. Ct. at 582 (inconvenience of litigating in another forum foreseeable at
6  time of contracting).

7     Additionally, even if California has a strong public policy in favor of holding a
8  company liable for the acts of its agents that would justify retaining jurisdiction over
9  this case, Plaintiffs have not met their burden of showing that the clause is
10 unenforceable. They offer only a bare allegation that "[d]epending on Mexican Law's
11 treatment of Mexican Limited Liability Companies or the application of the alter ego
12 doctrine, it is possible" that Grande Bahia would not be held liable. (Surreply at 8).
13 Plaintiffs cite no authority to suggest that Mexican law will not hold Grande Bahia
14 liable. They also do not argue that this will deprive them of any remedy.

15                             iii. Conclusion

16    This Court has given consideration to Plaintiffs' arguments regarding the
17 difficulties of litigation and public policy. Plaintiffs have not given this Court any
18 reason not to enforce the forum selection clause which Plaintiffs agreed to as part of
19 their bargained-for contract. Plaintiffs agreed to the forum selection clause despite the
20 challenges they would face in Mexico if required to file a lawsuit. This Court will not
21 interfere with their choice.

22 **IV. Conclusion**

23    For the reasons stated above, this Court **GRANTS** Defendants' requests to
24 dismiss the action on forum non conveniens grounds. The forum selection clause is
25 enforceable, and Plaintiffs have not met their heavy burden to show that this action
26 ///
27 ///
28 ///

13cv2081

should be retained in this District.  The entire action is **DISMISSED WITHOUT PREJUDICE.**  The Motions are otherwise **DENIED AS MOOT.**

   **IT IS SO ORDERED.**

Dated: March /3, 2014

HON. ROGER T. BENITEZ
United States District Court

- 13 -

13cv2081